UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATALIE THARP | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-2517 |
| | § | |
| MIDLAND MORTGAGE, A DIVISION | § | |
| OF MIDFIRST BANK, its successors | § | |
| and/or assigns, | § | |
|     Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331 and 1441(c), Defendant Midland Mortgage, a Division of MidFirst Bank, (hereinafter "MidFirst" or "Defendant") gives notice and hereby remove this action from the 191st District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. Removal is based on federal question jurisdiction. In support, Defendant respectfully shows the Court the following:

**A. Introduction**

1. On or about September 27, 2019, Plaintiff Natalie Tharp ("Plaintiff") filed Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction (hereinafter "Petition") in the 191st District Court of Dallas County, Texas styled *Natalie Tharp v. Midland Mortgage, A Division of MidFirst Bank, its successors and/or assigns.,* bearing Cause No. DC-19-15819 (the "State Court Action").

2. Plaintiff sued Defendant for violations of RESPA – Regulation X, breach of contract, and violation of the TDCP.[1] Plaintiff requests actual damages, exemplary damages, attorney's fees, costs as well as seeking injunctive relief.[2]

---

[1] *See* Petition at ¶¶ 34-46, attached as **Exhibit 2**.

3. Defendant was served with process in this lawsuit on October 15, 2019. Thus, Defendant timely files this notice of removal within the 30-day time dictated by 28 U.S.C. §1446(b).

4. Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit 2** and incorporated by reference is a true and correct copy of the entire file of record with the Court in the 191st District Court of Dallas County, Texas, including all process, pleadings, and orders served.

5. Pursuant to 28 U.S.C. §1446(d), this *Notice of Removal* will be filed with the 191st District Court of Dallas County, Texas, and a copy of this Notice will also be served on Plaintiff, a copy of which is attached as **Exhibit 4**.

6. Defendant files contemporaneously with this Notice, List of All Counsel, a civil cover sheet, a supplemental civil cover sheet and a *Disclosure Statement and Certificate of Interested Parties* that complies with FED. R. CIV. P. 7.1, a copies of which are attached hereto as **Exhibits 3, 5 and 6 and 7.**.

## B. Jurisdiction and Venue

7. This is a civil action over which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This State Court Action may be removed to this Court by Defendants pursuant to 12 C.F.R. § 1024.41.

8. Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division because the State Court Action is pending within this district and division. *See* 28 U.S.C. § 1441(a); *Also see* 28 USC § 124(c)(3).

## C. Basis for Removal

9. The Court has original jurisdiction over the State Court Action under 12 U.S.C. § 1331 because Plaintiff asserts a cause of action for violation of RESPA, which is codified as 12

---

[2] *Id.* at ¶¶ 31-33, 47 and Section XI labeled Prayer.

U.S.C. § 2605, *et seq*. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 12 U.S.C. § 1331. Accordingly, Defendant may remove this action to this Court pursuant to 28 U.S.C. § 1441 (c).

10. Pursuant to U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's additional claims because they derive from the same set of facts forming his claims under 42 U.S.C. § 3604.

## D. Conclusion

11. Defendant removes the State Court Action from the 191st District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

*/s/ Crystal G. Gibson*
Crystal G. Gibson
State Bar No. 24027322
SD No. 706039
J.D. Milks
State Bar No. 24045106
SD No. 3414015
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 340-7901
(972) 341-0783 (Facsimile)
jdmilks@bdfgroup.com
CrystalR@bdfgroup.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I certify that a copy of *Notice of Removal* was served by the court's electronic filing system or by certified U.S. Mail, return receipt requested, and regular U.S. Mail to the parties below on October 24, 2019.

**Via Email: jgh@jghfirm.com and**
**jason@jghfirm.com**
John G. Helstowski
Jason Taylor
13601 Preston Rd., Suite E920
Dallas, Texas 75240
*Attorney for Plaintiff*

                                                */s/ Crystal G. Gibson*
                                                  Crystal G. Gibson

## **LIST OF DOCUMENTS ATTACHED**

Exhibit 1    Index of Matters;

Exhibit 2    A copy of the State Court Civil Docket Sheet and all pleadings asserting causes of action, all executed process in the case, if any, all answers, if any, and all orders signed by the state court judge, if any;

Exhibit 3    List of All Counsel of Record;

Exhibit 4    Notice of Filing of Notice of Removal to Federal Court filed in the 429th District Court of Collin County, Texas;

Exhibit 5    Civil Cover Sheet; and

Exhibit 6    Disclosure Statement and Certificate of Interested Parties.